Mr. Steven Bloom Mr. F. Keith Dubin Attorneys for Palm Beach Gardens Police Officers' Retirement Trust Fund 471 Spencer Drive West Palm Beach, Florida 33409
Dear Gentlemen:
You ask on behalf of the Palm Beach Gardens Police Officers' Retirement Trust Fund substantially the following questions:
 1. Is the Palm Beach Gardens Police Officers' Retirement Trust Fund subject to s. 185.15, F.S.?
 2. If so, does s. 185.15, F.S., preclude police officers who withdraw from the fund, but who are still employed by the city, from rejoining the fund?
In sum, I am of the following opinion:
 1. As a trust fund created pursuant to Ch. 185, F.S., the Palm Beach Gardens Police Officers' Retirement Trust Fund is subject to the provisions of that chapter.
 2. Absent provisions in Ch. 185, F.S., allowing reentry into a retirement trust fund created pursuant to that act, the city may not enact an ordinance permitting reentry when such is barred by the plain language of s. 185.15, F.S.
Question One
You state that the Palm Beach Gardens Police Officers' Retirement Trust Fund (the fund) was created by city ordinance in 1972. The materials you have provided, however, indicate that Art. II, Palm Beach Gardens Code, creating the Policemen's Retirement Trust Fund, was repealed by ordinance and replaced with a new Art. II.[1]
The newly adopted Art. II, "Police Officers' Retirement Trust Fund," states that "[t]he requirements of Chapter 185, Florida Statutes, shall govern except when portions of this Article shall be specific under the powers accorded under said chapter."[2]
Furthermore, the newly adopted code specifically provides:
 The Board [of trustees] is hereby established as a legal entity pursuant to Chapter 185 with, in addition to other powers and responsibilities containd [sic] herein, the power to initiate and defend law suits of every kind, nature and description.[3] (e.s.)
Thus, while the original fund plan was created by ordinance and, therefore, would appear to have qualified as a local plan,[4]
Palm Beach Gardens has created a pension plan pursuant to Ch. 185, F.S. As a plan created under Ch. 185, F.S., the fund would be subject to the standards contained therein.[5]
Question Two
Section 185.15, F.S., states:
 Any person who enters the employment of any incorporated municipality of the state as a police officer after July 31, 1953 and who does not desire to accept the provisions of this chapter shall, within 12 months after employment, notify the officer or board paying the salary of such police officer, in writing, to that effect. Thereupon, it shall be the duty of the board of trustees to refund from the municipal police officers' retirement trust fund the full amount, without interest, withheld from such police officer's salary and deposited in such fund. Thenceforward no withholding shall be made from such salary and all police officers who have given such notice shall be barred from participating in the retirement system. (e.s.)
I have not found, nor have you provided, any judicial interpretation of this section. Where a statute fails to define terms or where by their use such terms do not have some special meaning, the words shall be given their plain and ordinary meaning.[6] To "bar" is to "exclude."[7] "Thenceforward" means "onward from that place or time."[8] Thus, it would appear that the plain language of the section provides that once a police officer elects not to participate in the retirement trust fund, the officer is thereafter barred from further participation in the retirement system.
Chapter 185, F.S., makes no provision for reentry into the retirement system for those officers who have elected not to participate pursuant to s. 185.15, F.S. If the Legislature had contemplated reentry into the retirement system by those electing not to participate, it could have prescribed the manner in which the reentry would be made.[9] In light of the statutory language barring such officers from further participation in the system, the city would, in my opinion, be precluded from enacting an ordinance which would circumvent this statute.[10]
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] See, s. 1, Ordinance 26, 1986, City of Palm Beach Gardens.
[2] Section 19-8, Art. II, Palm Beach Gardens Code.
[3] Section 19-9(4), Art. II, Palm Beach Gardens Code.
[4] See, s. 185.35, F.S., providing standards for municipalities having their own pension plans for police officers.
[5] See, s. 185.39, F.S., providing:
 Chapter 86-42, Laws of Florida, shall apply to all plans presently existing or to be created pursuant to this chapter. However, those plans presently existing pursuant to s. 185.35
and not in compliance with the provisions of chapter 86-42, except as otherwise provided in chapter 86-42, shall comply no later than December 31, 1986, provided that a fund established by legislative act shall comply no later than October 1, 1987, and provided further that nothing contained in this chapter shall operate to reduce presently existing rights or benefits of any police officer directly, indirectly, or otherwise.
And see, s. 185.01, F.S., stating that "[t]his chapter hereby establishes minimum standards for the operation and funding of municipal police officers' retirement trust fund systems and plans." Cf., League of Cities v. Department of Insurance,540 So.2d 850 (1 D.C.A.Fla., 1989) (absent provision in individual subsections of Ch. 175 and analogous provisions in Ch. 185, F.S., expressly making them applicable to local plans, such subsections apply only to those plans created pursuant to Chs. 175 and 185, F.S.; express preemption of municipality's legislative authority is required).
[6] See, Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351, 1353 (Fla. 1984) (where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning).
[7] Webster's Third New International Dictionary 174 (unabridged ed. 1981); The American Heritage Dictionary of the English Language 106 (1979).
[8] Id. at 2370; 1334.
[9] Cf., s. 238.05(2), F.S., providing for the reentry of teachers who have elected not to become members of the retirement system.
[10] See, City of Miami Beach v. Rocio Corporation,404 So.2d 1066, 1069 (3 D.C.A. Fla., 1981) (municipal ordinances are inferior to state law and must fail when conflict arises).