Mr. Robert D. Klausner General Counsel for the Key West Police Officers' and Firefighters' Retirement Plan 6565 Taft Street, Suite 200 Hollywood, Florida 33024
Dear Mr. Klausner:
On behalf of the Key West Police Officers' and Firefighters' Retirement Plan, you ask substantially the following question:
May the trustees of a municipal firefighters' and police officers' retirement fund established pursuant to Chs. 175 and 185, F.S., establish their own system for reimbursement of expenses incurred by trustees in the performance of their duties?
In sum:
The trustees of a firefighters' and police officers' retirement fund established under Chs. 175 and 185, F.S., must follow the reimbursement system established by the Legislature in s. 112.061, F.S.
You state that the Key West Police Officers' and Firefighters' Retirement Plan was created pursuant to the Charter and Code of the City of Key West and Chs. 175 and 185, F.S. For purposes of this opinion, it is assumed that the retirement fund is a "chapter plan" and, therefore, subject to the provisions of Chs. 175 and 185, F.S.[1]
Chapters 175 and 185, F.S., create a uniform pension and retirement system for firefighters and police officers in each municipality and establish minimum standards for the operation and funding of firefighters' pension trust funds and police officers' retirement trust funds.[2] Section 175.061(2), F.S., creating a board of trustees to administer each municipal firefighters' pension trust fund, states that "[t]he trustees shall not receive any compensation as such, but may receive expenses and per diem as provided by law." (e.s.) Identical language is contained in s.185.05(2), F.S., creating a board of trustees to administer each municipal police officers' retirement trust fund. These are the only provisions relating to the payment of compensation, expenses and per diem for the trustees of a chapter plan controlled by the provisions of Chs. 175 and 185, F.S.
The term "by law" has been construed to mean a statute adopted by both houses of the Legislature.[3] Thus, the trustees of trust funds governed by the provisions in Chs. 175 and 185, F.S., must follow the provisions of state law relating to expenses and per diem.[4] The statutory provisions relating to travel expenses and per diem for public officers, employees and authorized persons are contained in s. 112.061, F.S.
Accordingly, it is my opinion that the Board of Trustees of the Key West Police Officers' and Firefighters' Retirement Plan, has no authority to establish its own system for reimbursement of expenses and per diem for trustees in the performance of their duties, but are bound by the provisions of s. 112.061, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Florida League of Cities, Inc. v. Department of Insurance and Treasurer, 540 So.2d 850, 853 (1 D.C.A. Fla., 1989).
[2] See, ss. 175.021 and 185.01, F.S.
[3] See, Advisory Opinion to Governor, 22 So.2d 398 (Fla. 1945) (ordinance of noncharter county not a "law" within the purview of s. 5[c], Art. II, State Const.); AGO 84-39 (municipal ordinance not a "law" within the meaning of s. 8, Art. I, State Const.); AGO 79-109 (governing body of charter county prohibited in absence of statutory authorization from providing by ordinance for imposition of civil penalties by agencies of county); and Broward County v. Plantation Imports, Inc. 419 So.2d 1145 (4 D.C.A. Fla., 1982) (holding that provisions of a county ordinance authorizing assessment of penalties by county agency was unconstitutional, and agreeing with conclusion reached in AGO 79-109).
[4] See, AGO 92-35 (Jacksonville Police Officers and Firefighters Pension Board of Trustees bound by the provisions of s. 112.061, F.S.) and AGO 89-90 (trust fund created pursuant to Ch. 185, F.S., subject to provisions of that chapter).