453 So.2d 177 (1984)
The BOARD OF TRUSTEES OF THE CITY OF DUNEDIN MUNICIPAL FIREFIGHTERS RETIREMENT SYSTEM, Mary Bonner, Patrick Kroeger, Thomas House, James Andrews, Edward Smith, Tricia Cassidy and William Griffin, Appellants,
v.
Brenda Jane DULJE, Appellee.
No. 83-2416.
District Court of Appeal of Florida, Second District.
July 20, 1984.
John G. Hubbard of Frazer & Hubbard, P.A., Dunedin, for appellants.
Christopher J. Raleigh of George J. Schriefer, P.A., Pinellas Park, for appellee.
CAMPBELL, Judge.
Appellants, the Board of Trustees of the City of Dunedin Municipal Firefighters Retirement System, Mary Bonner, Patrick Kroeger, Thomas House, James Andrews, Edward Smith, Tricia Cassidy, a/k/a Patricia Griffin and William Griffin, seek review of the final judgment finding that appellee, Brenda Jane Dulje, was the sole beneficiary of the death benefits due from the Board of Trustees of the City of Dunedin Municipal Firefighters Retirement System, and further finding that appellants William M. Griffin and Patricia Griffin have no claim to those benefits.
The first issue on appeal is whether section 175.181, Florida Statutes (1981), pre-empts the beneficiary designations of the City of Dunedin, Florida, ordinance number 80-42 (August 21, 1980). If section 175.181 does not expressly pre-empt ordinance *178 number 80-42, another issue arises: Whether section 175.181 conflicts with ordinance number 80-42?
In October, 1980, Lt. William J. Griffin, a firefighter, was accepted into the Dunedin Municipal Firefighters Retirement System. The plan was established under ordinance number 80-42, and specifically provided for death benefits. The plan stated that death benefits would be paid to the child or children of the deceased firefighter. Lt. Griffin designated, in writing, Brenda Jane Dulje, his daughter, as his beneficiary. His other two children, appellants William Griffin and Patricia Griffin were not mentioned. On July 12, 1981, Lt. Griffin was killed in a plane crash. This dispute ensued over the distribution of his death benefits from the Dunedin Municipal Firefighters Retirement System.
The parties agreed, and the final judgment reflects, that if the death benefits were distributed according to ordinance number 80-42, appellee, William Griffin and Patricia Griffin would share equally in the death benefits. The trial court found, however, that the provisions of section 175.181, entitled "Beneficiaries," pre-empted the beneficiary designations of ordinance number 80-42. According to section 175.181(1), the firefighter could designate, in writing, the beneficiary of his choice. Accordingly, the trial court found that appellee was the sole beneficiary.
Appellants argue that chapter 175, Florida Statutes (1981) authorizes municipalities to create their own retirement plans and that there is nothing providing that section 175.181 applies to municipalities which create their own retirement plans. Appellants maintain that section 175.181 does not expressly pre-empt ordinance number 80-42 as required by section 166.021(3)(c), Florida Statutes (1981) and, therefore, the ordinance should control.
Appellee acknowledges that chapter 175 grants municipalities broad discretion in establishing their own retirement systems and death benefits. Appellee argues, however, that section 175.181 conflicts with the provisions of ordinance number 80-42, and in this situation, section 175.181 must prevail.
Under section 166.021(3)(c), Florida Statutes, a municipality's power to legislate is limited where the subject has been expressly pre-empted to the state. Express pre-emption requires a specific statement; the pre-emption cannot be made by implication nor by inference. Edwards v. State, 422 So.2d 84 (Fla. 2d DCA 1982).
Section 175.321, Florida Statutes (1981), expressly pre-empts municipal law as to sections 175.101-175.121 and sections 175.131-175.151. Section 175.321 also names several other sections of chapter 175 which do not apply to municipalities which have created their own retirement systems. Section 175.181 is not mentioned in either group. Therefore, we cannot find that section 175.181 pre-empts ordinance number 80-42. Thus, it appears that both the City of Dunedin and the State of Florida may legislate on the topic.
Where both the state and a municipality are empowered to legislate on a topic, the municipality may not enact legislation which directly conflicts with the state statute. Where a conflict arises, the state statute must prevail. Edwards v. State; Board of County Commissioners of Dade County v. Wilson, 386 So.2d 556 (Fla. 1980).
If section 175.181 does not refer exclusively to the beneficiary designations under the state plan, but includes municipal plans, we must determine whether section 175.181 and ordinance number 80-42 conflict.
Section 175.181 refers to "the benefit, if any, payable in the event of his death," and "death benefits, if any." This phraseology includes refunds from contributions to the retirement system or pension fund, which are payable upon death, as well as specific death benefits such as life insurance payments. The state plan, established in chapter 175, does not provide for specific death benefits, although municipalities are empowered to choose to provide *179 death benefits in their municipal plans. § 175.351(6), Fla. Stat. (1981). Where a municipality has adopted the state plan and purchased a life insurance or annuity contract to provide death benefits, the state plan provides that the beneficiaries shall be designated in accordance with section 175.081(9), Florida Statutes (1981). It appears that unless section 175.181 applies to municipalities which have created their own retirement systems, the reference to death benefits would be useless. For this reason, we find that section 175.181 refers to the designation of beneficiaries of death benefits under municipal plans, as well as beneficiaries under the state retirement system.
We must now determine whether the statute and the ordinance conflict. In Edwards v. State, a particular statute provided the judge with various sentencing options; a municipal ordinance eliminated those sentencing options. The court held that there was a conflict between the statute and the ordinance because of the elimination of the trial judge's sentencing options. Edwards at 86. In City of Miami Beach v. Rocio Corporation, 404 So.2d 1066 (Fla. 4th DCA 1981), a city ordinance created stricter rent controls on condominiums than the condominium statute, chapter 718, Florida Statutes (1979). The court held that chapter 718 did not expressly pre-empt the municipal ordinance. Nonetheless, the ordinance was invalid because it conflicted with the statute by prohibiting conduct permitted by the statute. City of Miami Beach v. Rocio at 1071.
Here, ordinance 80-42 dictates who shall be the firefighter's beneficiaries, while section 175.181 provides that the firefighter may designate his beneficiary. Under the ordinance, the firefighters do not have the option to choose their beneficiaries. That conduct is, in effect, prohibited by the ordinance, even though it is permitted by the statute. Therefore, we find that section 175.181 conflicts with ordinance number 80-42. In this situation, section 175.181 must prevail over ordinance number 80-42. See Edwards v. State; City of Miami Beach v. Rocio.
For the foregoing reasons, we affirm the trial court's finding that appellee, Brenda Jane Dulje, was the sole beneficiary of the death benefits due from the Dunedin Firefighters Retirement System.
RYDER, C.J., and DANAHY, J., concur.