Mr. William M. Powell City Attorney City of Cape Coral Post Office Box 150027 Cape Coral, Florida 33915-0027
Dear Mr. Powell:
You have asked my opinion on substantially the following questions:
1. Do the provisions of section 166.031, Florida Statutes., prevail over conflicting provisions contained in the City of Cape Coral Charter?
2. Does a resolution of the City of Cape Coral, calling for a referendum on whether the mayor and city council shall serve no more than two consecutive four year terms, comply with the single subject requirement of section 166.041(2), Florida Statutes?
In sum, it is my opinion that:
1. The provisions of s. 166.031, Florida Statutes, would prevail over conflicting provisions in the City of Cape Coral charter.
2. Whether particular local legislation complies with the single subject requirement of section 166.041(2), Florida Statutes, is a judicial question. However, in making such a determination, Florida courts have held that the subject of an act may be as broad as the legislative body chooses as long as the matters included in the act have a natural or logical connection.
QUESTION ONE
The Florida Constitution provides that municipal charters may be amended pursuant to general or special law.[1] Section 166.031(1), Florida Statutes, provides:
"The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality. The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose."
A legislative directive as to how a thing shall be done is, in effect, a prohibition against it being done in any other way.[2]
This office has previously concluded that any charter provision adopted or readopted subsequent to the effective date of the Municipal Home Rule Powers Act, Chapter 166, Florida Statutes, can only be amended in accordance with the provisions of s. 166.031, F.S.[3]
As Florida courts have recognized, legislation may be concurrent, that is, enacted by both state and local government in areas which have not been specifically preempted by the state, however, concurrent legislation enacted by municipalities may not conflict with state law.
Therefore, it is my opinion that the procedure for amending municipal charters set forth in section 166.031, Florida Statutes, would prevail over a conflicting provision in the City of Cape Coral charter.
QUESTION TWO
The resolution in question was duly enacted and this office must presume its validity.[4] However, I would offer the following comments for your consideration.
Section 166.041(2), Florida Statutes, provides, in part, that "[e]ach [municipal] ordinance or resolution shall be introduced in writing and shall embrace but one subject and matters properly connected therewith." While I am aware of no Florida judicial construction of this section, general legal authorities state that such a provision against plurality of subjects in the body of municipal ordinances imposes the same restrictions on a municipal governing body in the passing of ordinances as are imposed by the Constitution on the Legislature.[5] The constitutional equivalent of section 166.041(2), Florida Statutes, is section 6, ArticleIII, Florida Constitution, which imposes a single subject restriction on laws enacted by the State Legislature: "Every law shall embrace but one subject and matter properly connected therewith. . . ." Thus, based on the general authority cited above, the rationale used in cases construing section 6, Article III, Florida Const., may be applied to section 166.041(2), Florida Statutes.
The Florida Supreme Court has delineated the purpose of the single subject rule as twofold:
"First, it attempts to avoid surprise or fraud by ensuring that both the public and the legislators involved receive fair and reasonable notice of the contents of a proposed act. . . . Secondly, the limitation prevents hodgepodge, logrolling legislation."[6]
With regard to the test to be applied by the court in determining whether a particular provision violates the single subject rule, "the fact that the scope of a legislative enactment is broad and comprehensive is not fatal under the single subject rule so long as the matters included in the enactment have a natural or logical connection."[7]
In Chenoweth v. Kemp,[8] The Florida Supreme Court determined that a law which covered a broad range of statutory provisions dealing with medical malpractice and insurance did not violate the constitutional proscription against plurality of subjects because the provisions all had a natural or logical connection to tort litigation and insurance reform. The Court stated that "[w]e have long held that the subject of an act `may be as broad as the Legislature chooses as long as the matters included in the act have a natural or logical connection.'"[9]
Thus, while this office cannot comment on whether a referendum complies with the single subject rule of section 166.041(2), Florida Statutes, it would appear that as long as matters included in the act are naturally or logically connected, the broadness of the subject will not defeat the legislation.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Section 2(a), Art. VIII, State Const. 
[2] Attorney General Opinion's 88-30 and 77-135; and see, Op.Att'y Gen. Fla. 79-80 (1979), in which this office concluded that the Lake Wales City Commission may not unilaterally amend its municipal charter but rather was bound by the provisions of s.166.031, F.S. Cf., s. 166.031(3), Fla. Stat., authorizing the amendment of a municipal charter pursuant to s. 166.031, Fla. Stat, notwithstanding any charter provisions to the contrary.
[3] City of Miami Beach v. Rocio Corporation, 404 So.2d 1066
(Fla. 3d DCA 1981), pet. for rev. denied, 408 So.2d 1092 (Fla. 1981); Board of Trustees of City of Dunedin v. Dulje,453 So.2d 177 (Fla. 2d DCA 1984), stating that a municipality may not enact legislation which directly conflicts with a state statute; where a conflict arises, the state statute must prevail. And see, City ofHialeah v. Martinez, 402 So.2d 602 (Fla. 3d DCA 1981), pet. forrev. dismissed, 411 So.2d 380 (Fla. 1981) (municipal charter cannot make unlawful that which the Legislature has made lawful).
[4] Cf., Canney v. Board of Public Instruction of AlachuaCounty, 278 So.2d 260 (Fla. 1973); Adams Packing Association,Inc. v. Florida Department of Citrus, 352 So .2d 569 (Fla. 2d DCA 1977) (Attorney General cannot declare statute unconstitutional or advise any officer to disregard a legislative direction or mandate; on the contrary, the statute is presumed to be constitutional and must be given effect until judicially declared invalid.)
[5] See generally, 62 C.J.S. Municipal Corporations s. 415.b. (1949).
[6] In re Advisory Opinion to the Governor, 509 So.2d 292, 313
(Fla. 1987).
[7] Id. And see, Smith v. Department of Insurance,507 So.2d 1080 (Fla. 1987) (provisions that are necessary incidents to or tend to make effective or promote the objects and purposes of the subject legislation do not violate the single subject rule.)
[8] 396 So.2d 1122 (Fla. 1981).
[9] Id. at p. 1124. And see, Board of Public Instruction OfBroward County v. Doran, 224 So .2d 693, 699 (Fla. 1969) (The term "subject of an act" within this provision means the matter which forms the groundwork of the act and it may be as broad as the Legislature chooses as long as the matters included in the act have a natural and logical connection.)