Mr. William M. Powell City Attorney City of Cape Coral Post Office Box 150027 Cape Coral, Florida 33915-0027
Dear Mr. Powell:
On behalf of the City Council of Cape Coral you have requested my opinion on substantially the following question:
 Pursuant to s. 166.031(2), F.S., is an amendment to a municipal charter effective upon filing the revised charter with the Department of State or as may be provided in the municipal charter or amendment itself?
In sum:
 Section 166.031(2), F.S., does not prescribe the effective date of any municipal charter amendment but provides generally for the consolidation of such amendments and the municipal charter into a revised charter and the prospective effectiveness of such a revised charter.
Section 2(a), Art. VIII, State Const., provides that municipal charters may be amended pursuant to general law or special law.
Subsection (1) of s. 166.031, F.S., sets forth the method for amending municipal charters. According to that subsection, the governing body of the municipality, by ordinance, or the electors of the municipality, by petition signed by 10 percent of the registered electors, may propose an amendment to any section or all of the municipal charter with the exception of that part setting out the municipal boundaries. The municipal governing body is directed to place the proposed amendment on the ballot at the next general election or at a special election called for that purpose.
Section 166.031(2), F.S., provides that:
 Upon adoption of an amendment to the charter of a municipality by a majority of the electors voting in a referendum upon such amendment, the governing body of said municipality shall have the amendment incorporated into the charter and shall file the revised charter with the Department of State, at which time the revised charter shall take effect. (e.s.)
My research has revealed no judicial construction or other interpretation of this language, nor have you provided me with citations to any such authority. However, it is a fundamental rule of statutory construction that, where the legislative intent as evidenced by the statute is plain and unambiguous, there is no necessity for any construction or interpretation of the statute and effect need only be given to the plain meaning of its terms.[1]
The statute states that a revised charter shall be filed with the Department of State, "at which time the revised charter shall take effect." (e.s.) Thus, pursuant to s. 166.031(2), F.S., the charter, as revised by the amendment or amendments, becomes effective as a consolidated document from the time it is filed with the Department of State. The statute does not purport to prescribe an effective date for municipal charter amendments or to require that the effectiveness of such amendments be held in abeyance until the revised charter is filed and such a construction should not be read into the statute.[2]
Since s. 166.031(2), F.S., does not regulate the effective date of any municipal charter amendments, this is an area in which local governments may legislate.[3]
Thus, as s. 166.031(2), F.S., does not address the date upon which any such amendment shall take effect, the effective date of a municipal charter amendment may be prescribed by a general charter provision or within the amendment itself.[4]
Sincerely,
Robert A. Butterworth Attorney General (gh)
[1] Reino v. State, 352 So.2d 853 (Fla. 1977), and State v. Egan,287 So.2d 1 (Fla. 1973).
[2] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976), and Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952), for the proposition that when a statute enumerates the things upon which it is to operate, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.
[3] See, s. 2(b), Art. VIII, State Const., and s. 166.021(1), F.S., providing home rule for municipalities and stating that a municipality "may exercise any power for municipal purposes, except when expressly prohibited by law." And see, s. 166.021(3), F.S., stating that the legislative body of a municipality may enact legislation concerning any subject upon which the state Legislature may act, except: (a) annexation, merger, and the exercise of extraterritorial power; (b) any subject expressly prohibited by the Constitution; (c) any matter preempted to a county by a county charter adopted pursuant to ss. 1(g), 3, and 6(e), Art. VIII, State Const. Cf., City of Miami Beach v. Rocio Corporation, 404 So.2d 1066 (3 D.C.A.Fla., 1981), pet. for rev. denied, 408 So.2d 1092 (Fla. 1981); Board of Trustees of City of Dunedin v. Dulje, 453 So.2d 177 (2 D.C.A.Fla., 1984), stating that a municipality may not enact legislation which directly conflicts with a state statute; where a conflict arises, the state statute must prevail.
[4] See generally, 62 C.J.S. Municipal Corporations s. 459 (The time of taking effect of an initiative or referendum ordinance depends on the provisions of the controlling statute or charter.)