The Honorable Ed Geier Mayor of Palm Bay 120 Malabar Road Southeast Palm Bay, Florida 32907-3009
Dear Mayor Geier:
On behalf of the City of Palm Bay, you ask substantially the following question:
May a municipal charter prohibit electors of the municipality from petitioning their local government to amend the municipal charter on matters relating to the budget, capital programs, zoning, salaries of public officials, etc., in light of section 166.031, Florida Statutes?
In sum:
A municipal charter may not conflict with the provisions of section166.031, Florida Statutes, which guarantees to electors of a municipality the right to petition the municipality to amend any part or all of the municipal charter with the exception of that part describing the municipality's boundaries. However, a charter provision limiting the electors' initiatives for the adoption of municipal ordinances is not covered by section 166.031, Florida Statutes, and thus a municipal charter may limit the subjects of such electors' initiatives.[1]
According to information provided to this office, some confusion has arisen among the citizens of the City of Palm Bay as to whether section166.031, Florida Statutes, guarantees the right of the electors to petition for changes in the city charter and ordinances. The city charter currently provides that "[t]he electors of the city shall have the power, by petition, to have a proposed amendment to the city charter placed on the ballot of the next regular election or at a special election called for such purpose, for the electorate to either adopt or reject."[2] In addition, the charter also provides:
"(2) The electors of the city shall have the power, by petition, to propose ordinances to the council. If the council fails to adopt an ordinance so proposed without any change in substance, such ordinance shall be placed on the ballot of the next regular election for the electorate to either adopt or reject, provided that such power to petition shall not extend to matters relating to the budget or capital program or any ordinance relating to the appropriation of money, method of levy of taxes, zoning, or salaries of city officers or employees.
(3) The electors of the city shall have the power, by petition, to request the council to repeal any adopted ordinance; and if the council fails to repeal such ordinance, it shall be placed on the ballot of the next regular election for the electorate to consider; provided that such power to petition shall not extend to matters relating to the budget or capital program or any emergency ordinance or ordinance relating to appropriation of money, method of levy of taxes, zoning, or salaries of city officers or employees."[3]
Article VIII, section 2(a), Florida Constitution, provides that municipal charters may be amended pursuant to general or special law. The procedure for the amendment of a city charter adopted or readopted after the adoption of the Municipal Home Rule Powers Act in 1973 is provided in section 166.031, Florida Statutes. Section 166.031(1), Florida Statutes, states:
"The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except thatpart describing the boundaries of such municipality. The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose." (e.s.)
If the proposed amendment receives the favorable vote of a majority of the municipal electors voting in the referendum, the governing body is required to incorporate the amendment into the charter and file a copy of the revised charter with the Department of State, at which time the revised charter shall become effective.[4] Section 166.031(3), Florida Statutes, provides that a municipality may amend its charter as described above, even if the charter itself provides otherwise.
This office has previously stated that a municipal charter provision adopted or readopted after the creation of the Municipal Home Rule Powers Act in 1973 must be amended in accordance with section 166.031, Florida Statutes.[5] As a general principle concurrent legislation enacted by a municipality may not conflict with state law; if such conflict arises, state law will prevail.[6] Moreover, a municipality cannot forbid that which the Legislature has licensed, authorized or required, nor may it authorize that which the Legislature has forbidden.[7]
Thus, inasmuch as section 166.031, Florida Statutes, authorizes the electors to submit proposed amendments to any part or all of the charter for referendum (with the exception of municipal boundary descriptions), I am of the opinion that a municipal charter may not limit the electors' authority to propose amendments to the charter to certain subjects.
Section 166.031, Florida Statutes, however, relates to amendment of the municipal charter and establishes the right of the electors to submit proposed amendments to the municipal charter. (e.s.) It does not establish a right for electors to submit proposed amendments to, or to propose, municipal ordinances. State law neither requires nor prohibits citizens' initiatives for the passage of municipal ordinances.[8] Under the broad home rule powers granted to municipalities, it appears that a municipality could authorize such initiatives.[9] In authorizing such initiatives, it would appear to be within the power of the municipality under its charter to prescribe those areas in which ordinances may be proposed. I am not aware of, nor have you drawn my attention to, any provision of state law that prohibits a municipal charter from limiting the areas subject to citizens' initiatives to propose ordinances should the municipality elect to provide for such initiatives.
Accordingly, I am of the opinion that while a municipal charter may not conflict with the provisions of section 166.031, Florida Statutes, which guarantees to electors of a municipality the right to petition the municipality to amend any part or all of the municipal charter with the exception of that part describing the municipality's boundaries, a charter provision limiting the electors' initiatives for the adoption of municipal ordinances is not covered by section 166.031, Florida Statutes, and thus may limit the subjects of such electors' initiatives.
Sincerely,
Richard E. Doran Attorney General
RED/tjw
[1] You also ask whether such limitations are unconstitutional under the First Amendment. This office must presume the validity of the charter provision and has no authority to comment upon its validity or constitutionality. Similarly, this office must presume that passage of the charter in 1979 was valid.
[2] Section 3.09(1), Palm Bay City Charter.
[3] Section 3.09(2), Palm Bay City Charter.
[4] Section 166.031(2), Fla. Stat.
[5] See, e.g., Ops. Att'y Gen. Fla. 75-223 (1975) (municipal charter, readopted after 1973, could not be amended except as provided in section166.031); 88-30 (1988) (provisions of s. 166.031, prevail over conflicting provisions contained in a municipal charter and permit changes to a municipal charter to be proposed by the governing body or by petition of the electors of the municipality).
[6] See, e.g., City of Miami Beach v. Rocio Corporation, 404 So.2d 1066
(Fla.3d DCA 1981), pet. for rev. denied, 408 So.2d 1092 (Fla. 1981);Board of Trustees of City of Dunedin v. Dulje, 453 So.2d 177 (Fla.2d DCA 1984).
[7] See, e.g., Rinzler v. Carson, 262 So.2d 661, 668 (Fla. 1972); Cityof Hialeah v. Martinez, 402 So.2d 602 (Fla.3d DCA 1981), pet. for rev.dismissed, 411 So.2d 380 (Fla. 1981) (municipal charter cannot make unlawful that which the Legislature has made lawful). Cf., Gaines v. Cityof Orlando, 450 So.2d 1174, 1177 n. 2 (Fla. 5th DCA 1984) (upon submission of petition signed by 15 percent of city's registered voters, city had clear legal duty to verify those signatures and then to hold the election pursuant to Ch. 166, Fla. Stat.).
[8] Cf., s. 171.051(2), Fla. Stat., authorizing a citizens' initiative for contraction of municipal boundaries:
"A petition of 15 percent of the qualified voters in an area desiring to be excluded from the municipal boundaries, filed with the clerk of the municipal governing body, may propose such an ordinance. The municipality to which such petition is directed shall immediately undertake a study of the feasibility of such proposal and shall, within 6 months, either initiate proceedings under subsection (1) or reject the petition, specifically stating the facts upon which the rejection is based."
[9] See, e.g., s. 166.021(1) (municipality may exercise any power for municipal purposes, except when expressly prohibited by law).