Mr. Richard Kane Attorney for Hallendale Beach Charter Review Committee 400 South Federal Highway Hallandale Beach, Florida 33009-6433
Dear Mr. Kane:
On behalf of the Charter Review Committee of the City of Hallendale Beach, you ask substantially the following question:
May the Charter of the City of Hallendale Beach, which was adopted in 1976, be amended to provide that future amendments to the charter may be made by the city commission without referendum with the exception of certain provisions that could be amended only as provided in section166.031, Florida Statutes?
You state that the Charter Review Committee of the City of Hallandale Beach is presently conducting a study and review of the municipal charter, which was adopted in 1976. One of the subjects of review is the possibility of amending the charter by ordinance to avoid the expense of a referendum. The committee is considering amending the charter to provide that the charter may be amended by ordinance except for those areas enumerated in section 166.021(4), Florida Statutes, or by specifically stating that the charter may be amended by ordinance except with respect to the exercise of extraterritorial powers, the existence or creation of the municipality, the terms of elected officers or manner of their election, the distribution of powers of elected officials, changes in the form of government or boards provided in the charter, and the rights of municipal employees, which could only be amended as provided in section166.031, Florida Statutes.
Article VIII, section 2(a), Florida Constitution, provides that municipal charters may be amended pursuant to general or special law. The Florida Legislature, with the 1973 adoption of the Municipal Home Rule Powers Act, Chapter 166, Florida Statutes, granted municipalities broad home rule powers. In order to implement such a grant, section 166.021(4) and (5), Florida Statutes, repealed or converted into ordinances many of the provisions of municipal charters in existence at that time. Section166.021(4), Florida Statutes, however, provides that nothing in Chapter 166, Florida Statutes, is to be construed as permitting any changes in a special law or municipal charter that affect:
"the exercise of extraterritorial powers or which affect an area which includes lands within and without a municipality or any changes in a special law or municipal charter which affect the creation or existence of a municipality, the terms of elected officers and the manner of their election except for the selection of election dates and qualifying periods for candidates and for changes in terms of office necessitated by such changes in election dates, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards, any change in the form of government, or any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031."
Thus, municipal charter provisions adopted prior to 1973 that do not affect the above enumerated areas were either repealed or converted into ordinances and are subject to modification or repeal as are other ordinances.
Charters or charter provisions adopted or readopted subsequent to the adoption of the Municipal Home Rule Powers Act in 1973, however, may only be amended as provided in section 166.031, Florida Statutes. That section provides in subsection (1):
"The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality. The governing body ofthe municipality shall place the proposed amendment contained in theordinance or petition to a vote of the electors at the next generalelection held within the municipality or at a special election called forsuch purpose." (e.s.)
If the proposed amendment receives the favorable vote of a majority of the municipal electors voting in the referendum, the governing body is required to incorporate the amendment into the charter and file a copy of the revised charter with the Department of State, at which time the revised charter shall become effective.[1]
As a general principle, concurrent legislation enacted by a municipality may not conflict with state law; if such conflict arises, state law will prevail.[2] Moreover, a municipality cannot forbid that which the Legislature has authorized or required, nor may it authorize that which the Legislature has forbidden.[3]
Section 166.031, Florida Statutes, sets forth the procedures to be observed in amending municipal charters, including a requirement that a proposed amendment shall be subject to approval by referendum of the voters. Thus, this office has previously stated that a municipal charter provision adopted or readopted after the creation of the Municipal Home Rule Powers Act in 1973 must be amended in accordance with section 166.031, Florida Statutes. For example, in Attorney General Opinion 75-223 this office specifically advised the City of Tamarac that its charter, readopted after 1973, could not be amended except as provided in section166.031. Similarly, in Attorney General Opinion 79-80 this office stated that the Lake Wales City Commission could not unilaterally amend its municipal charter but could only propose an amendment that would be submitted to the municipal electors for their approval at a referendum held for that purpose. More recently, in Attorney General Opinion 97-53 this office concluded that a city commission could not delegate its canvassing board duties to a consolidated municipal canvassing board, absent an existing charter provision authorizing such a transfer or an amendment to the city's charter approved in a referendum by the city's electorate.[4]
Moreover, this office has consistently stated that the charter amendment provisions in section 166.031, Florida Statutes, prevail over conflicting provisions in a municipal charter.[5] Section 166.031(3), Florida Statutes, itself provides that a municipality may amend its charter as described above, even if the charter itself provides otherwise.
While the Legislature has enacted certain exceptions to the referendum requirements of section 166.031, Florida Statutes,[6] nothing in the act provides a general exception to the referendum requirement for any charter amendment except those enumerated in section 166.021(4), Florida Statutes. As noted above, section 166.021(4) sought to ensure that the amendment of pre-home rule charters, which were otherwise repealed or converted into ordinances by the home rule powers act, would be required to comply with the new procedures for amending a charter set forth in section 166.031 for those areas enumerated.
Accordingly, I am of the opinion that the Charter of the City of Hallendale Beach, which was adopted in 1976, may not be amended to provide that future amendments to the charter may be made by the city commission without referendum with the exception of certain provisions; rather the city charter must be amended in accordance with the provisions of section 166.031, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Section 166.031(2), Fla. Stat.
[2] See, e.g., City of Miami Beach v. Rocio Corp., 404 So.2d 1066
(Fla. 3d DCA 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981); Boardof Trustees of City of Dunedin Municipal Firefighters Retirement Systemv. Dulje, 453 So.2d 177, 178 (Fla. 2d DCA 1984).
[3] See, e.g., Rinzler v. Carson, 262 So.2d 661, 668 (Fla. 1972); Cityof Hialeah v. Martinez, 402 So.2d 602 (Fla. 3d DCA 1981), pet. for rev.dismissed, 411 So.2d 380 (Fla. 1981) (municipal charter cannot make unlawful that which the Legislature has made lawful). And see, Alsop v.Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[4] And see, Op. Att'y Gen. Fla. 01-15 (2001) (city commission may amend its city charter, adopted in 1977, to remove a requirement that the city manager reside within the city only if such amendment is approved by referendum of the qualified electors of the municipality).
[5] See, Op. Att'y Gen. Fla. 88-30 (1988).
[6] See, e.g., s. 166.031(3), Fla. Stat., stating that "[a] municipality may, by ordinance and without referendum, redefine its boundaries to include only those lands previously annexed and shall file said redefinition with the Department of State pursuant to the provisions of subsection (2)"; and s. 166.031(5), Fla. Stat., which permits a municipality, by unanimous vote of the governing body, to abolish municipal departments provided for in the municipal charter and amend provisions or language out of the charter which have been judicially construed, either by judgment or by binding legal precedent from a decision of a court of last resort, to be contrary to either the Florida Constitution or the Federal Constitution.